DICKSON & DICKSON *vs.* LEWIS & GRAHAM.

On an application to continue a cause for the absence of a material witness, if injustice be likely to result from the delay, the court will require the party to disclose what he expects to prove by the absent witness, in order that the other party may admit it if he choose.

ACTION of assumpsit.

Motion to continue the cause on the affidavit of John Lewis, one of the defendants, that Elijah McDowell, whom he has lately discovered to be an important witness, is absent, and that he could not

safely go to trial at this term without the benefit of his testimony, which he believes he can procure at the next term.

The plaintiffs filed a counter affidavit, that defendants were indebted to them in the sum of $800 and upwards, and that they believed they were in danger of losing their debt if the cause was continued; and, on this counter affidavit, *Bates*, of counsel for plaintiffs, moved the court that the defendant be required to disclose, on his oath, what fact or facts he expected to prove by Elijah McDowell, in order that he might admit them if he could safely do so.

*The Court* said that applications of this kind were directed to the equitable consideration of the court, and governed by a legal discretion, in order to effect the ends of justice. The defendant has by his affidavit laid a ground upon which the courts usually grant a continuance. Yet as the plaintiff, by his counter affidavit, suggests that injustice may be done by the continuance, and proposes a mode by which the defendant may now have the benefit of what he expects to prove by his absent witness, it is but reasonable that the defendant should be required to disclose the facts.

Lewis then, on his oath, stated that he expected to prove by McDowell, that he set up public notice of dissolution of the partnership of Lewis & Graham in March, 1835, which being admitted, the motion for continuance was refused.

*Frame* and *Laws*, for the motion.

*Bates*, contra.